

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 8, 1949.

Hon. Albert W. Searcy  
County Attorney  
Kimble County  
Junction, Texas

Opinion No. V-783.

Re: Right of a city marshal to collect fees in cases filed in Justice and County Courts.

Dear Mr. Searcy:

Reference is made to your letter wherein you request an opinion of this office as to the right of a city marshal to receive fees for criminal cases filed by him in the Justice and County Courts of your County.

City marshals are peace officers within the meaning of Article 36 of Vernon's Code of Criminal Procedure, and as such they may file cases that come within the scope of their authority in any Court having jurisdiction thereof. However, marshals are not County or precinct law enforcement officers within the meaning of Article XVI, Section 61 of the Constitution of Texas which places said officers on a salary basis. See enclosed copy of Attorney General's Opinion V-748.

Article 1067, Vernon's Code of Criminal Procedure is as follows:

"Constables, marshals and other peace officers who execute process and perform services for Justices in criminal action shall receive the same fees allowed to sheriffs for the same services."

Article 62, Vernon's Code of Criminal Procedure is as follows:

"The corporation court in each incorporated city, town or village of this State shall have jurisdiction within the corporate limits in all criminal cases arising under the ordinances of such city, town or village, and shall have concurrent jurisdiction with any justice of the peace in any

precinct in which said city, town or village is situated in all criminal cases arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars, and arising within such corporate limits. . . ."

Article 64, Vernon's Code of Criminal Procedure is as follows:

"When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction of such offense to the exclusion of all other courts. . . ."

The duties and powers of a city marshal acting in the role of a peace officer are defined in Articles 999 and 1147 of Vernon's Civil Statutes. In a letter of this office to the County Attorney of Hunt County dated March 25, 1948, a copy of which is herewith enclosed, we discussed the authority of a marshal within the meaning of Article 999 and held that when the marshal performs such duties, he is entitled to the same fees for such services as are allowed a sheriff.

Articles 1029 and 1030, Vernon's Code of Criminal Procedure prescribe certain fees for sheriffs and constables for particular services rendered in felony cases. Article 1031 provides that when services have been rendered by any peace officer other than a sheriff such as are enumerated in the two preceding Acts, such officer shall receive the same fees therefor as are allowed the sheriff and prescribes the procedure to be followed for the collection of the same. See Attorney General's Opinion No. O-5345 rendered by a prior administration, and the case of Newburn vs. Durham, 31 S. W. 195.

It is therefore our opinion that the city marshal may lawfully receive fees for cases filed by him in the Justice and County Courts.

## SUMMARY

City marshals may lawfully receive fees for cases filed by them in the Justice and

Hon. Albert W. Searcy, page 3 (V-783)

County Courts (Atty. Gen. Op. No. 0-5345; letter 3-25-48; V-748; Newburn vs. Durham, 88 Tex. 288, 31 S. W. 195).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:bh

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL